**ORDERED ACCORDINGLY.**

**Dated: August 27, 2009**



Edward J. Maney, Esq. AZ Bar#12256
Chapter 13 Trustee
P.O. Box 10434
Phoenix, AZ 85064
Telephone (602) 277-3776
ejm@maney13trustee.com

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 13 |
| | ) | |
| GEORGE WAGGONER | ) | Case No. 05-04393-PHX-GBN |
| SAREATHA WAGGONER | ) | |
| Debtor(s) | ) | DISMISSAL ORDER |

It having been shown to the Court that the debtor(s') has/have failed to comply with the Court requirement concerning:

> Failure to submit Plan payments as required by the Trustee's Motion to Dismiss dated 04-13-2009. As of the date of this Dismissal Order, the debtor(s') Plan payments are delinquent $8,170.00 and the Trustee notes that no Motions to Extend time appear on the Court's Docket.

**NOW, THEREFORE, IT IS ORDERED:**
 (A) This case is dismissed and the Clerk of the Court will give notice of the dismissal to all creditors;
 (B) A motion to reinstate the case may be granted without a hearing if the Trustee approves the proposed Reinstatement Order. If the Trustee does not approve reinstatement of the case, the matter may be set for hearing upon the debtor(s') motion. The Court may set a hearing on the debtor(s') motion to reinstate on the request of an interested party who had joined the Trustee's request for dismissal;
 (C) Pursuant to 28 U.S.C. 586(e)(2), the Trustee shall be paid his percentage fee from all payments received from the debtor(s);
 (D) After payment of the Trustee's percentage fee, the Trustee will retain the debtor(s') funds pending Court approval of the payment of administrative expenses of the debtor(s') Attorney. If the debtor(s') Chapter 13 Plan contained an Application for the Payment of Administrative Expenses to the debtor(s') Attorney and no party filed an objection to the Application, then the debtor(s') Attorney may lodge an Order approving the Application within ten days after the Court enters this Dismissal Order. Alternatively, the debtor(s') Attorney has ten days from the Court entering this Dismissal Order to file a separate fee application;
 (E) If the Court previously entered a Payroll Deduction Order on one or both of the debtor(s') wages, then the Court vacates that Order; and
 (F) Except as may be stated herein, all pending adversary proceedings, contested matters, and administrative hearings to this case are vacated.

Dated:_____                    _____
                                          United States Bankruptcy Judge

CERTIFICATE OF MAILING FOR CASE NO. 05-04393
Copies of the foregoing mailed (see electronic signature below) to the following:

Mark W. Lischwe, Esq.
Law Office
141 East Palm Lane, Ste. 201
Phoenix, AZ 85004-
Attorney for Debtor

GEORGE WAGGONER
1645 E MADISON ST
PHOENIX, AZ 85034
Debtor

SAREATHA WAGGONER
1645 E MADISON ST
PHOENIX, AZ 85034
Co-Debtor

                                      Trustee's Clerk